**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:

JENNIFER CATHERINE RADER,

        Debtor.

Case No. 26-11631-JDL
Chapter 11

### VALLIANCE BANK'S MOTION TO DISMISS BANKRUPTCY CASE

### NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected.  You should read this Document carefully and consult your attorney about your rights and the effect of this Document.**  If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean McGee Avenue, Oklahoma City, OK  73102 no later than 21 days from the date of filing of the motion.  You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

### NOTICE OF HEARING
### (TO BE HELD IF A RESPONSE IS FILED)

Notice is hereby given that if a response to the Motion is Filed, the hearing on the matter will be held on June 10, 2026, at 10:00 a.m in the 2nd floor courtroom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102. If no response is timely filed and the court grants the requested relief prior to the above referenced hearing date, the hearing will be stricken from the docket of the Court.

Valliance Bank ("Valliance"), a creditor in the above-captioned bankruptcy case, by and through its undersigned counsel, pursuant to Section 1112 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1017-1 of the Local Rules of the United States Bankruptcy Court for the Western District of Oklahoma (the "Local Rules"), hereby moves (this "Motion") the Court for the entry of an order dismissing Jennifer Catherine Rader's (the "Debtor") bankruptcy case.  In support of this Motion, Valliance states as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.    The statutory predicates for the relief requested are section 1112 of the Bankruptcy Code, Bankruptcy Rule 1017, and Local Rule 1017-1.

## II.    BACKGROUND

4.    On or about August 10, 2017, Rader Building, for good and valuable consideration, made, executed and delivered to Valliance a Promissory Note (the "Note"), bearing Loan No. 8103713, in the original principal sum of $588,000.00, with interest accruing according to the terms of the Note.  Doc. No. 9, Ex. 1.

5.    As part and parcel of the Note transaction and occurrence, Rader Building Company, Inc. ("Rader Building") executed a Construction Loan Agreement (the "Loan").  Doc. No. 9, Ex. 2.  Hereafter, any reference to the Note shall include the Loan.

6.    Brandon Rader and Jennifer Rader (the "Debtor," and together with Brandon Rader, the "Raders") executed Commercial Guaranties in an individual capacity promising unconditional liability pertaining to the Note (the "Guaranties").  Doc. No. 9, Exs. 3, 4.

7.    As part and parcel of the Note transaction and occurrence and for the purpose of securing payment of the indebtedness evidenced by the Note, Rader Building made, executed and delivered to Valliance a mortgage (the "Mortgage") covering the real estate more particularly described as follows:

LOT SIX (6), OF BLOCK ONE (1), IN TURNBERRY AT OAK TREE, AN ADDITION TO THE CITY OF EDMOND, OKLAHOMA COUNTY, OKLAHOMA, ACCORDING TO THE RECORDED PLAT THEREOF.

The Real Property or its address is commonly known as 740 Turnberry Lane, Edmond, Oklahoma 73025. (the "Real Property")

The Mortgage was duly recorded in Book 13513 at Page 1241 in the office of the County Clerk of Oklahoma County, Oklahoma, on August 11, 2017, after the required mortgage tax was paid. Doc. No. 9, Ex. 5.

8.      The Mortgage also included a security interest in all existing or future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Real Property, as more thoroughly described in the Mortgage (the "Assignment of Rents").  The Assignment of Rents is included collectively with any reference to the Real Property.

9.      Subsequent to the execution of the Note, on or about August 7, 2018, Rader Building entered into a Promissory Note Modification Agreement ("Modification Agreement No. 1"), whereby the Note's maturity date was extended to November 9, 2018.  All other terms, agreements, and obligations under the Note remained the same.  Hereafter, any reference to the Note shall include Modification Agreement No. 1.

10.     Subsequent to the execution of the Note, on or about November 9, 2018, Rader Building entered into a Promissory Note Modification Agreement ("Modification Agreement No. 2"), whereby the Note's maturity date was extended to May 8, 2019.  All other terms, agreements, and obligations under the Note remained the same.  Hereafter, any reference to the Note shall include Modification Agreement No. 2.

11.     Subsequent to the execution of the Note, on or about May 8, 2019, the Note was amended by a Promissory Note ("Modification Agreement No. 3").  Hereafter, any reference to the Note shall include Modification Agreement No. 3.

12.     Contemporaneously with the execution of Modification Agreement No. 3, Rader Building made, executed and delivered to Valliance a certain Construction Loan Agreement ("Loan No. 2") as part and parcel of Modification Agreement No. 3.  Hereafter, any reference to the Note shall include Loan No. 2.

13.     Subsequent to the execution of the Note, on or about July 8, 2020, the Note was amended by a Promissory Note ("Modification Agreement No. 4").  Doc. No. 9, Ex. 6.  Hereafter, any reference to the Note shall include Modification Agreement No. 4.

14.     Contemporaneously with the execution of Modification Agreement No. 4, Rader Building made, executed and delivered to Valliance a certain Business Loan Agreement ("Loan No. 3") as part and parcel of Modification Agreement No. 4.  Doc. No. 9, Ex. 7.  Hereafter, any reference to the Note shall include Loan No. 3.

15.     Contemporaneously with the execution of Modification Agreement No. 4, Rader Building made, executed and delivered to Valliance a certain Modification of Mortgage (the "Modification of Mortgage") to evidence Modification Agreement No. 4.  The Modification of Mortgage was duly recorded in Book 14401 at Page 1351 in the office of the County Clerk of Oklahoma County, Oklahoma, on July 9, 2020, after the required mortgage tax was paid.  Doc. No. 9, Ex. 8.  Hereafter, any reference to the Mortgage shall include the Modification of Mortgage.

16.     On or about December 29, 2022, Rader Building conveyed by quit claim deed its interest in the Real Property to the Raders.  The quit claim deed was recorded in Book 15355 at Page 1318 in the office of the County Clerk of Oklahoma County, Oklahoma.

17.     Valliance is the owner and holder of the Note, Guaranties, and Mortgage (the "Loan Documents").

18.     On October 2, 2025, Valliance initiated an action styled *Valliance Bank v. Rader Building Company, Inc., et al.*, District Court of Oklahoma County, State of Oklahoma (the "District Court"), case no. CJ-2025-7214 (the "Lawsuit"), wherein Valliance pleaded claims for judgment on the Note, foreclosure of the Mortgage, and judgment on the Guaranties.

19.     On January 15, 2026, the District Court entered a *Journal Entry of Default Judgment* (the "Judgment") granting judgment *in rem* and *in personam* against Rader Building in the principal sum of $499,283.35, together with interest thereon in the amount of $8,279.69 as of September 25, 2025 and accruing thereafter at the rate set forth in the Note, until paid; a reasonable attorney's fee in the amount of $9,633.00; costs of this action in the amount of $670.35; abstract expenses; late charges; advances for taxes; appraisal fees; preservation and maintenance costs of the Real Property; and all other expenses, fees, charges, advances, taxes, assessments, less all credits, all as provided for in the Note and Mortgage, for which amounts the Mortgage is a valid and enforceable lien upon the Real Property.  Doc. No. 9, Ex. 9.

20.     The Judgment further granted judgment against the Raders in the principal sum of $499,283.35, together with interest thereon in the amount of $8,279.69 as of September 25, 2025 and accruing thereafter at the rate set forth in the Note, until paid; a reasonable attorney's fee in the amount of $9,633.00; costs of this action in the amount of $670.35; abstract expenses; late charges; advances for taxes; appraisal fees; preservation and maintenance costs of the Real Property; and all other expenses, fees, charges, advances, taxes, assessments, less all credits. *Id*.

21.     On February 9, 2026, the Real Property appraised for $1,200,000.00.  Doc. No. 9, Ex. 10.

22.     On March 17, 2026, the Real Property sold to a third-party at Sheriff Sale for $1,013,000.00.  Doc. No. 9, Ex. 11.

23.     Valliance's claims under the Loan Documents are no less than $562,035.24.  *See* Proof of Claim No. 1; Bankruptcy Rule 3001(f); Doc. No. 1 at 10.

24.     BancFirst (and together with Valliance, the "Secured Creditors") holds a second-position mortgage on the Real Property in an amount no less that $21,000,00.00.  Doc. No. 1 at 10.[1]

25.     Secured Creditors' claims exceed the value of the Real Property.

26.     A hearing on the confirmation of the Sheriff Sale was set for May 15, 2026 (the "Confirmarion Hearing"). Doc. No. 9, Ex. 12.

27.     On May 15, 2026 (the "Petition Date"), mere minutes before the Confirmation Hearing, the Debtor commenced this case through the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code.  *See* Doc. No. 1.[2]

28.     The Loan Documents were in default prior to the Petition Date.

29.     The Debtor has no employees.

30.     The Debtor has no unsecured creditors.  Doc. No. 1 at 10.

31.     The Debtor filed this bankruptcy case to forestall or frustrate the foreclosure and has no possibility of reorganization.

---

[1] *See In re Hardy*, 319 B.R. 5, 7 (Bankr. M.D. Fla. 2004); *In re Oliver*, 414 B.R. 361, 374 (Bankr. E.D. Tenn. 2009) ("Bankruptcy statements and schedules are executed under oath and penalty of perjury, as are statements and testimony given by a debtor at his [or her] meeting of creditors"); *In re NRS Properties, LLC*, 634 B.R. 395, 420 (Bankr. D. Colo. 2021) ("Statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions.").

[2] As of the filing of this Motion, the Debtor has not filed any schedule nor statement required by Bankruptcy Code section 521.  Further, as of the filing of this Motion, the Debtor has not filed a certification of completion of a credit counseling course.  *See* 11 U.S.C. 109(h).

### III.    ARGUMENT AND AUTHORITIES

Section 1112(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause."  11 U.S.C. § 1112(b)(1); *In re Forest Hill Funeral Home & Mem'l Park*, 364 B.R. 808, 819 (Bankr. E.D. Okla. 2007) (citing *In re Muskogee Envtl. Conservation Co.*, 236 B.R. 57, 59 (Bankr. N.D. Okla. 1999)).  "Cause" is not defined in the bankruptcy code.  *In re Tirey Distrib. Co.*, 242 B.R. 717, 723 (Bankr. E.D. Okla. 1999).  The burden to show cause for dismissal of a Chapter 11 bankruptcy rests on the movant by a preponderance of the evidence."  *In re Forest Hill Funeral Home & Mem'l Park*, 364 B.R. at 819.  The Bankruptcy Code does not include "an exclusive list of all conditions that might constitute cause for dismissal of a Chapter 11 case… A Chapter 11 case may be dismissed if it was filed in bad faith."  *In re MV Pipeline Co.*, No. 07-80214-R, 2007 WL 1452591, at *12 (Bankr. E.D. Okla. May 15, 2007).  "Bad faith is found when the cumulative effect of these individual factors together paint a factual picture that leads to the inescapable conclusion that use of the bankruptcy laws by the debtor is inappropriate."  *In re Forest Hill Funeral Home & Mem'l Park*, 364 B.R. at 820.  "Once a movant has made a *prima facie* showing of bad faith, the burden falls to the debtor to establish that the bankruptcy was filed in good faith."  *Id.* at 819.

While no single factor is determinative, courts have enumerated some non-exclusive factors for evaluating bad faith in the filing of a bankruptcy case, which includes:

- the debtor has one asset;

- the pre-petition conduct of the debtor has been improper;

- there are only a few unsecured creditors;

7

- the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;

- the debtor has no ongoing business or employees; and

- the lack of possibility of reorganization.

*In re Nursery Land Dev., Inc.*, 91 F.3d 1414, 1416 (10th Cir.1996) (citing *In re Laguna Assocs. Ltd. P'ship*, 30 F.3d 734, 737 (6th Cir. 1994), as amended on denial of reh'g and reh'g en banc (Sept. 9, 1994)).

Here, the Debtor's only asset of consequential value is the Real Property.  In addition, the Debtor has no unsecured creditors and no employees, no income stream sufficient to pay the accruing monthly interest on the Real Property (much less fund a plan), and filed her petition mere minutes before the Confirmation Hearing.

Thus, Valliance has made a *prima facie* showing of bad faith.  The Debtor cannot identify any unusual circumstances establishing that dismissing the case is not in the best interests of creditors and the estate.  *See* 11 U.S.C. § 1112(b)(2).  Further, conversion is not in the best interest of creditors and the estate since the Debtor has no unsecured creditors and there is no equity in the Real Property.  Accordingly, the Debtor's bankruptcy case should be dismissed for cause.

## IV.   REQUEST FOR TIMELY HEARING

Section 1112(b)(3) of the Bankruptcy Code provides "[t]he court shall commence the hearing on a motion under this subsection not later than 30 days after filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph."

11 U.S.C. § 1112(b)(3).  Valliance *does not* expressly consent to a continuance of the hearing on this Motion.

## V.    CONCLUSION

WHEREFORE, Valliance Bank prays that the Court dismiss the Debtor's bankruptcy case and for such other and further relief as is just and proper.

Respectfully submitted,

**PHILLIPS MURRAH P.C.**

*/s/ Jason A. Sansone*
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 - facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
***Attorneys for Valliance Bank***

## CERTIFICATE OF SERVICE

This is to certify that on the 15th day of May, 2026, true and correct copies of the above and foregoing were mailed by first class mail, postage prepaid, to all parties listed on the attached Service List.

/s/ *Jason A. Sansone*
Jason A. Sansone, OBA No. 30913

Label Matrix for local noticing
1087-5
Case 26-11631
Western District of Oklahoma
Oklahoma City
Fri May 15 14:35:36 CDT 2026

Valliance Bank
c/o Jason A. Sansone
Phillips Murrah P.C.
424 NW 10th Street, Suite 300
Oklahoma City, OK 73103-3941

Banc First
101 N. Broadway
Oklahoma City, Oklahoma 73102-8405

United States Trustee
United States Trustee
215 Dean A. McGee Ave., 4th Floor
Oklahoma City, OK 73102-3479

Valliance Bank
210 Park Ave Suite 202
Oklahoma City, Oklahoma 73102-5619

Valliance Bank
c/o Jason Sansone
Phillips Murrah P.C.
424 NW 10th Street, Suite 300
Oklahoma City, OK 73103-3941

Andrew French
c/o Larry G. Ball
100 N. Broadway Avenue, Ste. 2900
Oklahoma City, OK 73102-8865

Jennifer Catherine Rader
740 Turnberry Land
Edmond, OK 73025-2821

End of Label Matrix
Mailable recipients    7
Bypassed recipients    0
Total                  7