**Dated: June 8, 2026**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:

JENNIFER CATHERINE RADER,

      Debtor.

Case No. 26-11631-JDL
Chapter 11

<u>**ORDER DISMISSING BANKRUPTCY CASE**</u>

This matter comes on for consideration based on the *Motion to Dismiss Bankruptcy Case*

(the "<u>Motion</u>") filed by Valliance Bank ("<u>Valliance</u>") [Doc No. 11].[1]

**THE COURT HEREBY FINDS AND DETERMINES THAT:[2]**

      A.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

[2] The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

1334.

B.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

C.      As evidenced by the certificates of service previously filed with the Court, and based upon the representations of counsel, the Motion was served upon all parties in interest on May 15, 2026.  Such notice was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion is or shall be required.

D.      No party timely filed an objection or response within the time to object, which expired on June 5, 2026.

E.      On May 15, 2026 (the "Petition Date"), prior to a hearing on the confirmation of the Sheriff Sale of the Real Property, Jennifer Catherine Rader (the "Debtor") commenced this case through the filing of a voluntary petition under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[3]

F.      The Debtor failed to file (i) a schedule of assets and liabilities pursuant to Section 521(a)(1)(B)(i) of title 11 of Bankruptcy Code and Bankruptcy Rule 1007(b)(1)(A), (ii) Form 206Sum, (iii) a statement of the Debtor's financial affairs pursuant to Bankruptcy Code section 521(a)(1)(B)(iii) and Bankruptcy Rule 1007(b)(1)(D), and (iv) Local Form 1007-1.D with supporting documentation within 14 days of the Petition Date.[4]

---

[3] Doc. No. 1; "Courts may take judicial notice of proceedings in other courts, including in a state court proceeding, if those proceedings have a direct relation to matters at issue in this case." *In re Levings*, 18-80650-TRC, 2019 WL 1418701, at *2 (Bankr. E.D. Okla. Mar. 27, 2019).

[4] "Failure to timely file Local Form 1007-1.D with supporting documentation shall constitute cause for dismissal of a bankruptcy case without further notice or hearing." Local Rule 1007-1(D) (emphasis added).

G.    The Debtor has failed to file a certificate of completion of a credit counseling course.

H.    On May 15, 2026, Valliance filed its *Motion for Rule 2004 Examination of Debtor, Jennifer Catherine Rader, and for Production of Documents* [Doc. No. 12] (the "2004 Motion").

I.    On June 1, 2026, the Court entered an *Order Granting Motion of Valliance Bank for Rule 2004 Examination of Debtor, Jennifer Catherine Rader, and for Production of Documents* [Doc. No. 20] (the "2004 Order").

J.    The 2004 Order provides that the Debtor shall produce certain documents and materials (the "Production") no later than 5:00 p.m. CT on June 5, 2026.[5]

K.    The Debtor has not sought any relief from the Court, and the Court has not granted the Debtor any relief, with respect to the Debtor's obligations under the 2004 Order.

L.    Upon the representations of counsel, to date, the Debtor has not produced to Valliance **any** Production and has therefore failed to comply with the 2004 Order.

M.    The Debtor has not identified any unusual circumstances establishing that dismissing this case is not in the best interests of creditors and the estate.

N.    Accordingly, the Court finds cause to dismiss this Bankruptcy Case with prejudice to refiling for 180 days starting from the day after the entry of this Order.[6]

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is granted to the extent set forth in this Order.

---

[5] *See* 2004 Order at ¶ 4.

[6] "The court has discretion to determine what type of conduct constitutes 'cause' under section 349(a)…" *In re Hancock*, 15-10037-JDL, 2015 WL 1292387, at *6 (Bankr. W.D. Okla. Mar. 19, 2015) (Loyd, J) (dismissing bankruptcy case with prejudice to refiling for 180 days).

2.      This Bankruptcy Case is hereby dismissed.

3.      Pursuant to Bankruptcy Code sections 105, 109, and 349(a), the Debtor is hereby barred from filing any bankruptcy case in any district for 180 days starting from the day after the entry of this Order.

4.      No stay under Bankruptcy Code section 362 shall apply to Valliance in any case filed by the Debtor within the 180 days starting from the day after the entry of this Order. Further, the Real Property shall be deemed abandoned under Bankruptcy Code section 554 without need for further order from this Court.

5.      Any and all objections and responses to the Motion that have not been withdrawn, waived, settled, or resolved, and all reservations of rights included therein, are hereby overruled and denied on the merits.

6.      The terms and conditions of this Order are immediately effective and enforceable upon entry. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

7.      This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

The prevailing party will effectuate service of the order on all interested parties.

Findings of fact are based upon representation of counsel.

IT IS SO ORDERED.

#   #   #

SUBMITTED BY:

**PHILLIPS MURRAH P.C.**

*/s/ Jason A. Sansone*

Melvin R. McVay, Jr., OBA No. 6096
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 - facsimile
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
***Attorneys for Valliance Bank***